STATE OF NORTH CAROLINA v. SIDNEY ARMSTRONG

No. 7419SC288

(Filed 5 June 1974)

**1. Narcotics § 4.5— entrapment — sufficiency of instructions**
    In a prosecution for distribution of marijuana the trial court's instruction on entrapment was proper.

**2. Narcotics § 4— distribution of marijuana — sufficiency of evidence**
    Evidence was sufficient to be submitted to the jury in a prosecution for distribution of marijuana where it tended to show that an SBI agent talked with defendant and several others about where he could purchase drugs, defendant told the agent he could take him to a place where the agent could purchase drugs, the agent and defendant went to a given address, defendant entered the residence with the agent's money, and defendant returned with marijuana.

APPEAL by defendant from *Seay, Special Judge,* at the 17 September 1973 Criminal Session of ROWAN Superior Court.

Heard in the Court of Appeals 6 May 1974.

The defendant was indicted and convicted of distribution of marijuana in violation of G.S. 90-95 (a) (1) and G.S. 90-95 (b). The State's evidence tended to show that Robert H. Clark, Jr., was an undercover agent for the State Bureau of Investigation on 26 February 1973. On that date Mr. Clark was in the Friendly Cue Pool Room in Salisbury, North Carolina, and talked with the defendant and several other people about where he could purchase drugs. The defendant told Clark that he could take Clark to a place where he could get some drugs. The defendant, two other males and Mr. Clark left in Clark's car and drove to a place on Locke Street where the defendant told Clark to stop.

The defendant told Clark to give him the money and that he would go and get the marijuana. Clark said he wanted ten dollars' worth and gave the defendant the money. The defendant and one other man left the car and returned a few minutes later with two envelopes containing marijuana. The defendant emptied most of the contents of one envelope into the other which he gave to Mr. Clark. The defendant retained the envelope containing the smaller amount of marijuana. From a verdict of guilty and a sentence of eighteen months in the custody of the Commissioner of Corrections as a committed youthful offender, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. O'Connell and Assistant Attorney General Ann Reed for the State.*

*J. H. Rennick for defendant appellant.*

CAMPBELL, Judge.

The defendant contends that it was error for the trial court not to grant his motion for judgment as of nonsuit in that the evidence established that the defendant was entrapped. The defendant also assigns as error the instruction by the trial court that a sale and physical transfer of the marijuana would be a "distribution" and the instruction that to be convicted of distribution the defendant had to know that the substance was marijuana. Defendant's contention is that the judge's instruction carried the implication that in any circumstances, including entrapment, if defendant knew that the substance was marijuana, and if a transfer actually took place, then the defendant should be found guilty.

[1, 2]  The charge of the trial court must be read contextually. It is evident that the trial court, in a very articulate and understandable fashion, instructed the jury on all aspects of the case, including a detailed instruction on entrapment and a review of the evidence of both sides relating to entrapment. The fact finders could not have been under any misapprehension as to the applicability of the defense of entrapment by the charge of the trial court. In *State v. Fletcher* and *State v. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971), the court stated:

"The North Carolina cases on entrapment are accurately summarized in 2 Strong's N. C. Index 2d, Criminal Law, § 7, as follows:

'Mere initiation, instigation, invitation, or exposure to temptation by enforcement officers is not sufficient to establish the defense of entrapment, it being necessary that the defendants would not have committed the offense except for misrepresentation, trickery, persuasion, or fraud. . . . [I]f the officer or agent does nothing more than afford to the person charged an opportunity to commit the offense such is not entrapment. Therefore, mere acts affording defendant an opportunity to commit the offense and steps taken to apprehend him in its commission, or even the fact that officers pretended to act in conjunction with the defendant in committing an offense, does not constitute entrapment when the idea of committing the offense originates with the defendant or defendants.' "

On the issue of nonsuit, the evidence for the State was as set out above. When viewed in the light most favorable to the State, the evidence is sufficient to withstand a motion for judgment as of nonsuit. We find no error.

No error.

Judges MORRIS and VAUGHN concur.